**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3385-16T2

EDEN WOOD REALTY, LLC,

    Plaintiff-Respondent,

v.

LUXURY HOME 1, INC.,

    Defendant-Appellant,

and

YISOCHER REIFER, a/k/a
BARRY REIFER,

    Defendant.

_____

Argued October 18, 2018 – Decided June 13, 2019

Before Judges Simonelli, O'Connor and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4099-15.

Roberta L. Tarkan argued the cause for appellant.

Bruce H. Snyder argued the cause for respondent (Lasser Hochman, LLC, attorneys; Bruce H. Snyder, and Melissa Nicole, on the brief).

PER CURIAM

In this commercial tenancy action, defendant Luxury Home 1, Inc., appeals from a January 23, 2017 judgment entered against it for $32,909.79. For simplicity, for the balance of the opinion, the term "defendant" refers only to Luxury Home 1, Inc., unless otherwise noted. Defendant also appeals from the March 17, 2017 order, which denied its motion for reconsideration of the judgment. We affirm in part and reverse in part.

I

Plaintiff leased commercial space in a warehouse to Atlantic USA Holdings, Inc. (Atlantic), which in turn subleased the premises to defendant. Atlantic defaulted on its lease payments to plaintiff and, on March 12, 2015, plaintiff successfully obtained a judgment of possession against Atlantic. During the eviction proceeding, plaintiff discovered Atlantic had subleased the premises to defendant. Plaintiff and defendant subsequently agreed defendant could lease the premises for March and April 2015 for $8275 per month.

Thereafter, the parties entered into a second agreement, in which defendant agreed to continue leasing the premises after April 2015. Defendant

A-3385-16T2

moved out in early July 2015 and did not tender a monthly lease payment to plaintiff for July and August 2015. Believing defendant breached the terms of the second agreement, plaintiff filed a verified complaint against defendant seeking, among other things, damages. Defendant filed an answer and discovery ensued.

The parties were unable to resolve the matter and, following trial, the court issued an oral decision, in which it evaluated the testimony and credibility of the witnesses, the documentary evidence, and the applicable law. Based upon its analyses, the court concluded the essential terms of the second agreement were that the lease commenced on May 1, 2015, the monthly lease payment defendant was obligated to pay to plaintiff was $15,200 per month,[1] the tenancy was month-to-month, and if a party wanted to terminate the lease, such party had to provide the other with sixty days' written notice.

In addition, because intertwined with the controversy over when the second agreement commenced, the court determined that the first agreement between the parties, specifically, the one in which defendant agreed to pay

---

[1] This amount included not only the monthly rent of $8275, but also utilities and defendant's share of common area maintenance charges.

plaintiff $8275 per month for rent, pertained solely to the months of March and April 2015.

The court found defendant did not tender a monthly lease payment to plaintiff in either July or August 2015.  It is not disputed that, on July 13, 2015, defendant sent an email to plaintiff stating defendant had left the premises at the beginning of July.  Because the lease agreement required a party to provide sixty days' notice if it wished to terminate the tenancy and defendant did not provide plaintiff with its notice to terminate until July 13, 2015, in accordance with the terms of the parties' second agreement, the court ordered defendant to pay to plaintiff $30,400 in the aggregate for the lease payments defendant failed to make for the months of July and August 2015.  In addition, the court ordered defendant to compensate plaintiff in the amount of $2,509.79 for costs plaintiff incurred to remove defendant's property from and clean the leased premises.

On January 23, 2017, a judgment for $32,909.79 was entered against defendant.  Defendant's motion for reconsideration of the judgment was denied by order dated March 17, 2017.[2]

---

[2]  The order also clarified the judgment was entered against only defendant and not co-defendant Reifer.

A-3385-16T2

II

On appeal, defendant asserts the following arguments for our consideration:

POINT ONE: THE COMMENCEMENT DATE OF [DEFENDANT'S] TENANCY WITH [PLAINTIFF] WAS AT THE EARLIEST MARCH 12, 2015, NOT MARCH 1, 2015, THUS DAMAGES AWARDED BASED ON A MARCH 1, 2015 COMMENCEMENT DATE ARE ERROR.

A. Since [plaintiff] took back possession of the premises on July 14, 2015, [plaintiff] had no legal right to any rent past July 14, 2015.

POINT TWO: THERE WAS NO MEETING OF THE MINDS, THUS THERE WAS NO AGREEMENT THAT THE TENANT WOULD PROVIDE 60 DAYS' NOTICE TO TERMINATE THE TENANCY.

POINT THREE: BARRY REIFER EXPRESSED RELUCTANCE; THUS THERE WAS NO SILENT ASSENT TO SUPPORT AN AGREEMENT.

POINT FOUR: [PLAINTIFF] DID NOT COMPLY WITH THE REQUIREMENTS OF THE PROPERTY ABANDONMENT ACT, N.J.S.A. 2A:18-72 [TO -84]; THEREFORE, [PLAINTIFF] IS NOT ENTITLED TO ANY AWARD UNDER SAID STATUTE.

First, we note that although in its notice of appeal and case information statement defendant states it is appealing from the March 17, 2017 order denying its motion for reconsideration of the judgment, defendant did not brief how the

5

court erred in denying the motion. Accordingly, we conclude defendant has waived its appeal of that order, see Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011), and turn to defendant's remaining contentions.

Our review of a trial court's verdict in a non-jury case is limited. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). The standard is not whether the verdict was against the weight of the evidence, but "whether there is sufficient credible evidence in the record to support the judge's determination." State in Interest of R.V., 280 N.J. Super. 118, 120-21 (App. Div. 1995). We are also obliged to "give deference to those findings of the trial judge which are substantially influenced by [the] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Locurto, 157 N.J. 463, 471 (1999) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). Thus, we give due regard to the trial court's credibility determinations. Cesare v. Cesare, 154 N.J. 394, 412 (1998).

Here, the trial court had the opportunity to hear the testimony of the witnesses, assess their demeanor, and judge their credibility. The court found plaintiff's witnesses more credible than defendant's. The court also considered the documentary evidence. The court made factual findings about both the first and second agreements. After a thorough review of the record, we find there is

sufficient credible evidence in the record to support the trial court's findings concerning the disputed terms of those agreements. Accordingly, we find no merit in the contentions defendant raises in Points One, Two, and Three.

However, we are unable to find support in the record to uphold the trial court's determination defendant is obligated to pay to plaintiff $2,509.79 for the alleged costs plaintiff incurred to remove defendant's personal property from and to clean the leased premises.

The Abandoned Tenant Property Act, N.J.S.A. 2A:18-72 to -84 (Act), governs disposal of property left by a tenant on a landlord's property. A landlord must comply with the enumerated requirements in the Act before disposing of a tenant's property. One of those requirements is that the landlord adhere to N.J.S.A. 2A:18-72, which provides, in pertinent part:

> A landlord of commercial . . . property, in the manner provided by [the Act], may dispose of any tangible goods, chattels, . . . or other personal property left upon a premises by a tenant after giving notice as required by [N.J.S.A. 2A:18-73], only if the landlord reasonably believes under all the circumstances that the tenant has left the property upon the premises with no intention of asserting any further claim to the premises or the property and:
>
> > a. A warrant for removal has been executed and possession of the premises has been restored to the landlord; or

> b. The tenant has given written notice that he or she is voluntarily relinquishing possession of the premises.

> [(Emphasis added).]

N.J.S.A. 2A:18-73 states in relevant part:

> To dispose of a tenant's property under this act, a landlord shall first give written notice to the tenant, which shall be sent by certified mail, return receipt requested or by receipted first class mail addressed to the tenant, at the tenant's last known address (which may be the address of the premises) and at any alternate address or addresses known to the landlord, in an envelope endorsed "Please Forward."

> "Receipted first class mail" for purposes of this section means first class mail for which a certificate of mailing has been obtained by the sender but does not include certified or registered mail.

Here, plaintiff failed to provide notice to defendant in accordance with N.J.S.A. 2A:18-73. Therefore, plaintiff was not at liberty to dispose of defendant's property. In addition, N.J.S.A. 2A:18-82 provides that if a landlord seizes and retains a tenant's personal property without complying with the Act, the tenant shall be relieved of any liability to reimburse the landlord for the cost of removing its property. Plaintiff did not comply with this Act and defendant is not obligated to reimburse plaintiff for the cost of removing its property from the leased premises.

8

Finally, there is insufficient evidence the debris plaintiff cleaned from the premises was left by defendant after it moved out. In fact, the court stated, "the implication was quite frankly that all of the boxes and debris were the defendant's but the court also is aware that two other subtenants were leasing and had moved out and so it's unclear whether all of the debris is attributed to the defendant." (Emphasis added).

Accordingly, because under these factual circumstances the Act precludes plaintiff from recovering the cost of removing defendant's property and there is insufficient evidence to support the cost of cleaning the premises, we reverse that portion of the judgment that awards plaintiff $2,509.79.

Affirmed in part and reversed in part. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3385-16T2